Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| POPULAR AUTO, LLC<br><br>Peticionaria<br><br>V.<br><br>KEILA M. LINARES RAMOS, SU ESPOSO, JULIO MOLL ARCE, Y LA SOCIEDAD LEGAL DE GANANCIALES POR AMBOS COMPUESTA<br><br>Recurrida | KLCE202401292 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Adjuntas<br><br>Caso Núm. AD2024CV00061 (SALÓN 1)<br><br>Sobre: COBRO DE DINERO - ORDINARIO |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 4 de febrero de 2025.

Los peticionarios, Keila Linares Ramos y Julio Moll Arce y su sociedad legal de gananciales solicitan que revisemos la denegatoria del Tribunal de Primera Instancia a desestimar la demanda.

La recurrida, Popular Auto, LLC, presentó su alegato en oposición al recurso.

Los hechos pertinentes que explican nuestra determinación se incluyen a continuación.

**I.**

La parte recurrida presentó una demanda por cobro de dinero contra los peticionarios. Popular Auto alegó que la parte peticionaria incumplió con el contrato de venta al por menor a plazos para la compra de un vehículo de motor. Según el recurrido, el 28 de junio de 2011, la peticionaria adquirió el vehículo de motor marca JEEP, Modelo RUBICON del año 2006 y se obligó a realizar un primer pago de $478.96 el 4 de agosto de 2011 y 53 pagos consecutivos de $388.96, a partir del 4 de septiembre de 2011. Popular Auto adujo que los peticionarios le adeudan $15,983.97 y que sus gestiones de cobro han sido infructuosas.

El recurrido advirtió que los peticionarios vendieron el vehículo al concesionario de autos Moll Auto Sales que, a su vez, lo vendió a un tercero.

Número Identificador

RES2025_____

No obstante, también hizo constar que el concesionario no está operando y que su presidente y vicepresidente eran los peticionarios. Por último, invocó la cláusula contractual que le permite acelerar el vencimiento del balance adeudado y exigir el pago total. Véase, págs. 1-3 del apéndice.

La parte peticionaria pidió la desestimación de la demanda, debido a la insuficiencia de las alegaciones y a que la reclamación estaba prescrita. Según la peticionaria, Popular omitió deliberadamente la fecha del último pago que es necesaria para computar la prescripción. Además, adujo que la reclamación prescribió conforme al término de cuatro (4) años establecido en el Art. 1203 del Código Civil de 2020, 31 LPRA sec. 9495 y a la Sección 2-118 de la Ley de Instrumentos Negociables, 19 LPRA sec. 518. La peticionaria argumentó que el Código Civil establece que las acciones prescriben a los cuatro (4) años, salvo que la ley fije un plazo distinto. No obstante, adujo que el pagaré es un instrumento negociable, según lo define la ley y le aplica el término prescriptivo de tres (3) años, cuando la fecha del pago es acelerada. Según la peticionaria, la demanda prescribió porque se presentó el 23 de abril de 2024, transcurridos trece (13) años de suscrito el contrato y ocho (8) años de prescrita la acción para exigir el cumplimiento del pagaré. Finalmente pidió la desestimación de la demanda con perjuicio y que Popular pague cinco mil dólares ($5,000.00) de honorarios de abogado y las costas del pleito.

Popular Auto se opuso a la desestimación y alegó que:

(1) La ley ni la jurisprudencia exigen que una demanda por cobro de dinero incluya la fecha del último pago, para efectos de una moción de desestimación, y que esa información puede ser objeto de descubrimiento de prueba.

(2) Aplica el término prescriptivo de 15 años establecido en el Artículo 1864 del Código Civil de 1930, 31 LPRA sec. 5294, porque la causa de acción es una personal por incumplimiento de contrato y no tiene un término especial de prescripción.

(3) La peticionaria no menciona cuáles son las meras especulaciones, alegaciones colusorias o ausencia de contenido en las que fundamenta la moción de desestimación.

(4) La moción de desestimación no cumple con los requisitos para ser acogida como una moción de sentencia sumaria.

El TPI declaró NO HA LUGAR la moción de desestimación. El foro recurrido determinó que no existe evidencia de que las partes suscribieron un pagaré para garantizar el cumplimiento de la obligación. Además, advirtió que el contrato de venta al por menor a plazos de un vehículo de motor tampoco exige el otorgamiento de un pagaré. El TPI concluyó que en ausencia de un pagaré, el término prescriptivo para el cobro de la deuda es de quince (15) años y que la demanda no estaba prescrita porque el contrato se suscribió el 28 de junio de 2011.

La peticionaria pidió reconsideración, debido a que: (1) la resolución no contiene fundamentos para descartar la naturaleza mercantil del contrato, (2) la aplicabilidad de la Ley de Transacciones Comerciales no está atada a la existencia de un pagaré, (3) el Art. 1864 del anterior Código Civil solo aplicaba a las acciones que no tienen término prescriptivo, (4) el Art. 1868, 31 LPRA sec. 5296, establece un término prescriptivo de cinco (5) años para las acciones de cualesquiera otros pagos que deban hacerse en plazos más breves y (5) el actual Código Civil redujo a cuatro (4) años el término prescriptivo de las acciones personales.

La recurrida presentó una moción en oposición a la reconsideración en la que alegó que la demanda estaba basada en una reclamación personal a la que le aplica el término de quince (15) años del Código Civil de 1930.

La peticionaria replicó para sostener que el contrato suscrito entre las partes es de naturaleza mercantil.

El TPI denegó la moción de reconsideración.

Inconforme, la peticionaria presentó este recurso en el que alega que:

Erró el TPI al no conceder LA DESESTIMACIÓN por el fundamento de insuficiencia de las alegaciones, por cuanto no se alegó en la Demanda la fecha del incumplimiento de la supuesta obligación, siendo esta alegación medular para la determinación de que la deuda es líquida, vencida y exigible para el cómputo de prescripción.

Erró el TPI al no conceder LA DESESTIMACIÓN por el fundamento de Prescripción.

**II.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil de 1933, 32 LPRA sec. 3491, hoy conocido como Ley de Recursos Extraordinarios. Véase también *Mun. Caguas v. JRO Construction, Inc.,* 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723, 728 (2016). Aunque el certiorari se reconoce como un recurso discrecional la sensatez del juzgador se guía por unos límites. Es decir, la discreción judicial no es irrestricta y ha sido definida en nuestro ordenamiento jurídico como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Medina Nazario v. McNeil Healthcare LLC,* supra, pág. 729; *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

El primero de estos límites es la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. Esta dispone en lo pertinente que el recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Superados los criterios de la Regla 52.1 de Procedimiento Civil, venimos llamados a ejercer nuestro criterio sujeto a lo dispuesto en el Reglamento del Tribunal de Apelaciones mediante la Regla 40, 4 LPRA Ap. XXII-B. Esta

dispone que el tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### III.

La parte peticionaria solicita que revisemos la denegatoria del Tribunal de Primera Instancia a desestimar la demanda. Aunque la Regla 52.1 de Procedimiento Civil, *supra,* nos autoriza a expedir un recurso de certiorari para revisar la denegatoria del Tribunal de Primera Instancia a una moción de carácter dispositivo, no intervendremos en esta etapa procesal con la decisión recurrida.

### IV.

Por los fundamentos antes expuestos se deniega el recurso de certiorari.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez disiente porque entiende que la Demanda no cumple con las requisitos de la Regla 10.2(5) de Procedimiento Civil porque

para establecer el incumplimiento es necesario saber la fecha en que incumplió.

Elemento esencial para saber si la reclamación está prescrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones